**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **A.L.**,<br><br>Plaintiff,<br><br>v.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>Defendant. | Civil Action No. 24-9023 (ZNQ)<br><br>**OPINION** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon A.L.'s [1] ("Plaintiff") appeal of the Social Security Administration's ("Defendant") January 31, 2024 denial of her request for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* ("Compl.," ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c) and reaches its decision without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. [2]

    After reviewing the parties' submissions and the Administrative Record ("AR," ECF No. 6), the Court finds that the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and properly within the ALJ's decision-making authority. Accordingly, the decision to deny Plaintiff DIB will be **AFFIRMED**.

---

[1] The Court refers to Plaintiff by her initials given the privacy concerns that arise from social security cases.
[2] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

1

I. **BACKGROUND**

A. **PROCEDURAL POSTURE**

On June 3, 2022, Plaintiff filed her initial claim for DIB, citing difficulty walking, standing, and bending, difficulty with stair mobility, and chronic pain in her right leg, beginning September 1, 2021. (AR at 16.)

After a telephone hearing on November 16, 2023, the ALJ denied Plaintiff's DIB application and determined that she was not disabled within the meaning of the Social Security Act. (*Id.*) The Appeals Council denied review of the ALJ's decision. (*Id.* at 1.) Plaintiff thereafter filed this action, alleging in the Complaint that she is disabled and that the ALJ's findings are not supported by substantial evidence. (Compl. ¶ 6.) Plaintiff filed an Appeal Brief. ("Appeal Br.," ECF No. 7.) Defendant then filed an Opposition Brief ("Opp'n Br.," ECF No. 11), and Plaintiff filed a Reply Brief ("Reply Br.," ECF No. 12.)

B. **ALJ DECISION**

The ALJ determined Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act as of September 1, 2021. (AR at 23.) Following the Act's five-step disability determination process, the ALJ made several findings. (*Id.*)

First, the ALJ found that Plaintiff met the insured status requirement of the Act through December 31, 2026, and had not engaged in substantial gainful activity since September 1, 2021. (*Id.* at 20.) The ALJ further concluded that Plaintiff's chondromalacia patellae of the right knee was severe, but no impairments met or equaled the severity of the listed impairments under 20 C.F.R. § 404. (*Id.* at 22.)

At step four, the ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b)[3] and she was incapable of performing past relevant work as an EMT.

Finally, at step five, the ALJ concluded Plaintiff could perform existing jobs in the national economy after considering her age, education, and RFC. (*Id.* at 28–29.) The issues before the Court are whether the ALJ's RFC determination is supported by substantial evidence and whether the ALJ's denial of Plaintiff's DIB claim was proper.

## II.   LEGAL STANDARD

### A.   STANDARD OF REVIEW

On appeal, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). In reviewing applications for social security disability benefits, the district court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). In other words, substantial evidence

---

[3] The ALJ noted exceptions including Plaintiff's ability to "stand for a total of 6 hours in a typical 8-hour workday, but only for half an hour at a time before needing to sit for 2-3 minutes" and that Plaintiff would be "off-task approximately 10% of the workday." (AR at 19.)

"may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its] own conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence in the record. *See Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)). And "[s]ince it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason," courts require "an explanation from the ALJ of the reason why probative evidence has been rejected" to determine whether the reasons for rejection were improper. *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981) (citation modified).

### B.   APPLICABLE LAW

The Social Security Act defines "disability" as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 404.1520(a)(4)(i)–(v). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)). The analysis proceeds as follows:

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's RFC and analyze whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e). Under C.F.R. § 404.1545, a claimant's RFC is "the most [he or she] can do" despite limitations "that affect what [he or she] can do in a

work setting." If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the final step.

At step five—the final step—the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## III. DISCUSSION

On appeal, Plaintiff makes two main arguments. First, she argues that the ALJ's RFC determination is not supported by substantial evidence because: (1) the ALJ committed legal error when evaluating the medical opinion of Dr. Desir, Plaintiff's treating doctor (Appeal Br. at 11); and (2) absent this error, Plaintiff's DIB would not have been denied. (*Id.* at 21.) Second, she argues that the ALJ failed to evaluate Plaintiff's subjective complaints when he found Plaintiff's RFC to include the performance of light work.

### A. WHETHER THE ALJ'S RFC DETERMINATION LACKS SUBSTANTIAL EVIDENCE

Before step four, in determining a claimant's RFC, "the ALJ has a duty to hear and evaluate all relevant evidence in order to determine whether an applicant is entitled to disability benefits." *Lynch v. Comm'r Soc. Sec.*, Civ. No. 23-1982, 2024 WL 2237961, at *2 (3d Cir. May 17, 2024) (citing *Cotter*, 642 F.2d at 704; 20 C.F.R. § 404.1520(a)(3)). In doing so, the ALJ will not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ's evaluation must assess the persuasiveness of all medical opinions and administrative

findings, based on five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. *Id.* § 404.1520c(c). Of these, supportability and consistency are the two most important factors. *Id.* § 404.1520c(a). Under the supportability factor, a medical opinion is persuasive to the extent it is supported by "relevant objective evidence and explanations." *Id.* § 404.1520c(c)(1). Under the consistency factor, a medical opinion is persuasive to the extent it is consistent "with . . . evidence from other medical sources and nonmedical sources in the claim." *Id.* § 404.1520c(c)(2). An ALJ must articulate how supportability and consistency is considered for each medical opinion source; however, an ALJ is not required to explain how the other three factors were considered in his or her determination. *Id.* § 404.1520c(b)(2).

The ALJ found that Plaintiff has the RFC "to perform light work as defined in 20 CFR 404.1567(b)," noting the following exception:

> The claimant can stand for a total of 6 hours in a typical 8-hour workday, but only for half an hour at a time before needing to sit for 2-3 minutes. The claimant occasionally can climb ramps and stairs, stoop, crouch, or balance; never kneel or crawl; never climb ladders, ropes, or scaffolds; and occasionally push/pull controls with the lower right extremity. The individual would be off-task approximately 10% of the workday.

(AR at 19.) In addition to considering Plaintiff's symptoms and testimony at the hearing, the ALJ used objective medical evidence and opinions to make this determination. (*Id.*) In his RFC analysis, the ALJ considered the persuasiveness of three key documents: (1) State Agency Disability Determination and Reconsideration documentation (Ex. 1A; 3A); (2) Orthopedic Institute Treatment Records (e.g. Ex. 9F, 12F, 14F); and (3) Dr. Desir's Primary Care Sports Physical Capacity Evaluation (Ex. 13F), the latter upon which Plaintiff's claim is predicated. (Appeal Br. at 12).

Plaintiff argues that the ALJ's "RFC determination is the product of legal error" because the ALJ "failed to properly evaluate the opinion evidence provided by Plaintiff's treating provider Dr[.] Desir." (*Id.*) Specifically, Plaintiff opines that the ALJ did not adequately evaluate the supportability and consistency factors. (*Id.* at 12–17.)

Defendant argues that the ALJ "properly applied the regulations, adequately explained the basis for his fact-finding, and reached a result supported by substantial evidence" when finding that Dr. Desir's opinion was not persuasive. (Opp'n Br. at 7.) Defendant points to a statutory standard of review that only requires a decision to "trace the path of an adjudicator's reasoning" (*id.* at 8), and contends that Plaintiff "demand[s] a greater articular than the law requires." (*Id.* at 12).

In a reply brief, Plaintiff defines Defendant's analysis as "post hoc" because, according to Plaintiff, "[t]he ALJ never once referenced Plaintiff's activities of daily living within his analysis of the opinion." (Reply Br. at 6.) Furthermore, Plaintiff again states that the ALJ mischaracterized or ignored evidence, such as treating notes showing "100% disability," significant pain, and reduced motion, while offering only unexplained conclusions. (Reply Br. at 5.)

As set forth fully below, the ALJ's determination is supported by substantial evidence because the ALJ properly evaluated medical opinions, including that of Dr. Desir's, in accordance with current regulations. In addressing Dr. Desir's opinion that was not supported by or consistent with the other evidence in the record, the ALJ applied the supportability and consistency factors. *See Lynch*, 2024 WL 2237961, at *2. The ALJ's decision must be "read as a whole," and his determinations must show that he "considered the appropriate factors in reaching the conclusion[s]." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). The explanation need not be lengthy so long as the decision contains "sufficient development of the record and explanation

8

of findings to permit meaningful review." *Id.* Moreover, an ALJ may "accept some medical evidence and reject other evidence, provided that he provides an explanation for discrediting the rejected evidence." *Zirnsak v. Colvin*, 777 F.3d 607, 614 (3d Cir. 2014).

1. <u>Supportability Factor</u>

In his supportability analysis, the ALJ explained that Dr. Desir's opinion is not persuasive for two reasons. First, the ALJ states that even though Dr. Desir is Plaintiff's treating physician, there is "no evidence" for such "extreme limitations," referring to Dr. Desir's finding that Plaintiff can lift and carry up to five pounds occasionally, stand and walk for zero hours in an 8-hour workday, sit for zero hours in an 8-hour workday and never perform postural activities, and can never push or pull. (AR at 21.) Second, the ALJ states that Dr. Desir's opinion uses a check-box format, which subsequently has "very little rationale" aside from "a few short, handwritten notations."

Despite this, Plaintiff challenges this reasoning on three grounds. Plaintiff maintains that the ALJ's finding—that Dr. Desir's medical opinion fails to satisfy the supportability factor and is therefore unpersuasive—is flawed because it is "nonspecific" as to how the opinion "implies the evidence as a whole does not support the limitations." (Appeal Br. at 13.) Additionally, Plaintiff states Dr. Desir's notations of antalgic and limping gaits, tenderness, reduced and painful ranges of motion, crepitation, and effusion undermine the conclusion that there was "no explanation" for the limitations, including that Plaintiff is only able to stand, walk, or sit for zero hours. (*Id.* at 16.) Finally, Plaintiff contends the ALJ erred in discounting Dr. Desir's opinion as a check-box form with "short" and "handwritten" descriptions, arguing that this determination fails to address the substance of the opinion and imposes a double standard, as the DDS consultants also used a check-box form the ALJ found persuasive. (*Id.* at 16.)

9

Given the ALJ's adherence to SSA regulatory requirements and his review of the record as a whole, this Court finds that his determination is supported by substantial evidence. Regarding supportability, the ALJ adequately articulated how he found certain opinions more persuasive than others, particularly that of Dr. Desir. *See Lynch*, 2024 WL 2237961, at *2 (finding ALJ adequately applied supportability and consistency factors where he summarized medical evidence, deemed two medical opinions persuasive, and concluded other opinions were not supported by the record). Here too, the ALJ summarized the medical evidence, including Dr. Desir's opinion and the State Agency determinations, to explain why some opinions were persuasive and others were not. Moreover, the ALJ's findings will not be disturbed where it is apparent that the ALJ cited more than a scintilla of evidence to support his conclusion. *See Emilia N. v. Comm'r of Soc. Sec.*, Civ. No. 21-18677, 2022 WL 14834594, at *4 (D.N.J. Oct. 26, 2022) (holding that an ALJ satisfies her principal obligation by giving "some indication" of the evidence she rejects and the reasons for doing so) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000)). Notably, and as is the case here, the ALJ need not agree with a physician's conclusions. *See Cadillac v. Barnhart*, 84 F. App'x 163, 168 (3d Cir. 2003) ("While the ALJ is, of course, not bound to accept physicians' conclusions, he may not reject them unless he first weighs them against other relevant evidence and explains why certain evidence has been accepted and why other evidence has been rejected." (alteration in original)).

Accordingly, the Court finds that Plaintiff's contention that the ALJ erred in finding Dr. Desir's medical opinion unpersuasive for lack of supportability is without merit.

    2.    <u>Consistency Factor</u>

In his consistency analysis, the ALJ explained that Dr. Desir's opinion—which stated that the Plaintiff could walk, stand, and sit for zero hours in an eight-hour workday—is not persuasive because the medical opinion was "not consistent with the overall record . . . that the claimant is

limited to light work." (AR at 21.) Reviewing the record, the ALJ also evaluated and subsequently found persuasive the DDS medical consultants' opinion (Ex. 1A; 3A), which included the following limitations: the claimant "can occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; stand/walk for about 6 hours in an 8-hour workday; and sit for about 6 hours in an 8-hour workday." (*Id.* at 20–21.) The ALJ noted that DDS consultants did not observe the Plaintiff personally and as such did not "incorporate the entirety of the claimant's limitations." (*Id.*) Even so, the ALJ found that their opinions were consistent with the overall record, noting Plaintiff's chondromalacia patella of the right knee and limitation of light work. The ALJ referenced Exhibit 9F, an Orthopedic Institute treatment record, as an example of other evidence in the record confirming Plaintiff's chondromalacia patella.[4] However, the ALJ determined that the Orthopedic Institute treatment records were ultimately unpersuasive because they designated Plaintiff as "100% disabled." (*Id.*) The ALJ explained that this disability finding reflected a workers' compensation standard, which "differ[ed] from the SSA disability program," and that adopting it would conflict with relevant regulations. *See* 20 C.F.R. § 404.1520b(2) (providing that the ultimate disability determination is reserved for the SSA Commissioner); (AR at 21.)

However, Plaintiff argues the consistency analysis is flawed because the Orthopedic Institute's finding that Plaintiff is "100% disabled" is not inconsistent with Dr. Desir's opinion. (Appeal Br. at 16–17.) Plaintiff further argues that because the ALJ referenced, by way of a see, e.g., parenthetical, Exhibit 9F—an Orthopedic Institute treatment record—to illustrate Plaintiff's chondromalacia patella of the right knee as consistent with the record, the opinions of both the Orthopedic Institute and Dr. Desir are not inconsistent with the broader medical record. (*Id.* at

---

[4] The ALJ stated: "In terms of consistency, their opinions are essentially consistent with the overall medical evidence, reflecting that the claimant has severe chondromalacia patellae of the right knee (see, e.g., Exhibit 9F at 10-12), and that the claimant is limited to light work, subject to the additional limitations specified in the residual functional capacity finding above." (AR at 21.)

11

17.) Plaintiff makes two additional points to indicate the ALJ's consistency finding is "equally erroneous": that the ALJ's language "puts the cart before the horse," suggesting he predetermined Plaintiff's RFC before considering the medical evidence (*id.* at 18), and that the ALJ failed to address Plaintiff's need to elevate her legs (*id.* at 20).

Regarding consistency, this Court finds that the ALJ properly evaluated how he found certain opinions more persuasive than others, including that of Dr. Desir, and therefore, his finding is supported by substantial evidence.

To satisfy both supportability and consistency, "a judge need not reiterate the magic words 'support' and 'consistent' for each doctor." *Zaborowski v. Cmm'r Soc. Sec.*, 115 F.4th 637, 639 (3d Cir. 2024) (affirming an ALJ's decision when the ALJ "weave[d] supportability and consistency throughout her analysis of which doctors were persuasive"); *Ubaldini v. Comm'r Soc. Sec.*, Civ. No. 22-2686, 2023 WL 7001840, at *6 (3d Cir. Oct. 24, 2023) ("Where there is conflicting evidence in the record relevant to an alleged limitation, an ALJ has discretion to choose whether to include that limitation as long as he does not reject evidence of a limitation for an unsupported reason.") (internal quotation marks omitted). Compliance with 20 CFR 404.1520b(c) is certainly not rejecting evidence for an unsupported reason. *See Pelliccia v. Dudek*, Civ. No. 24-428, 2025 WL 624262, at *6 (M.D. Pa. Feb. 26, 2025) (finding that disability ratings under Workers' Compensation law, "a different program with different standards of assessing disability," are nonbinding on the ALJ and provide a proper basis for finding a medical opinion inconsistent with the record). Nor does the ALJ's use of an Orthopedic Institute treatment record render his analysis as flawed. *Cf. DeJesus v. Colvin*, Civ. No. 14-4798, 2015 WL 4902159, at *8 (D.N.J. Aug. 17, 2015) (holding that "adopting only portions of an opinion that support the ALJ's RFC findings while failing to address those portions that contradict them . . . will not suffice as an

12

adequate explanation."). Here, the ALJ accounted for the portions inconsistent with the record while noting compliance with the applicable regulations. (AR at 21.)

Finally, Plaintiff's latter two arguments similarly fail because they both demand greater articulation than the law requires. An ALJ need only provide "some indication" of how significant probative evidence was considered. *See Burnett*, 220 F.3d at 121; *Cotter*, 650 F.2d at 482 (ALJ must give "some explanation" for rejecting probative evidence, but "a sentence or short paragraph would probably suffice"); *Zaborowski*, 115 F.4th at 639 (ALJs need only explain dispositive reasons, not every consideration). Plaintiff would rather the Court require a source-level rather than point-by-point analysis of each medical opinion—an approach entirely inconsistent with applicable regulations. *See* 20 C.F.R. § 404.1520c(b)(1).

For these reasons, this Court concludes that the ALJ's determination was based on substantial evidence under supportability and consistency factors as laid out by federal regulations.

**B. WHETHER THE ALJ EVALUATED PLAINTIFF'S SUBJECTIVE COMPLAINTS IN COMPLIANCE WITH AGENCY REGULATIONS**

Once Plaintiff's RFC is determined, the ALJ must use a two-part analysis to determine whether the Plaintiff can perform past relevant work. (AR at 19) (citing 20 C.F.R. § 404.1529(c)(1).) First, the ALJ must determine whether there is "a medically determinable impairment(s) that could reasonably be expected to produce [the claimant's] symptoms, such as pain." 20 C.F.R. § 404.1529(c)(1). Second, the ALJ must then "evaluate the intensity and persistence of [the claimant's] symptoms so that [it] can determine how [the] symptoms limit [the claimant's] capacity for work." *Id.* Here, where "statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ must still consider "other evidence in the record," including the claimant's subjective complaints, to determine whether the symptoms limit the ability to work. 20 C.F.R. §

13

404.1529(c)(3); § 404.1529(a). Other relevant evidence includes claimant's daily activities, medications, and treatment, and factors that precipitate or aggravate the condition. *Id*. § 404.1529(c)(3)(i)(iii)(v). In doing so, the ALJ has a duty to consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, the ALJ need include only "credibly established" limitations. *Rutherford*, 399 F.3d at 554; *see Zirnsak*, 777 F.3d at 615 (confirming an ALJ's discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" and that while the ALJ cannot "reject evidence of a limitation for an unsupported reason . . . the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible"); *see Sponheimer v. Comm'r of Soc. Sec.*, 734 F. App'x 805, 808 (3d Cir. 2018) (stating that the "ALJ could quite properly discount subjective complaints that were not otherwise supported by the record," which warrants deference to ALJ's credibility determination); *Chapman v. Comm'r of Soc. Sec.*, Civ. No. 17-5561, 2018 WL 6499870, at *8 (D.N.J. Dec. 11, 2018) (stating same).

As part of this two-part analysis, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause symptoms and limitations, and that the record confirms Plaintiff's chondromalacia patellae of the right knee is severe and results in some limitations. (AR at 20.) In evaluating Plaintiff's subjective complaints, the ALJ noted that Plaintiff testified to general pain, increased pain with exertion, and swelling in her leg; that Plaintiff is divorced, lives alone, does light cleaning and some grocery shopping, and remains independent in her personal needs; and that she can stand for five minutes, sit for an hour, and walk for five minutes. (*Id.*) The ALJ ultimately found that the alleged intensity, persistence, and limiting effects of her condition were inconsistent with the evidence in the record. (*Id.*)

Plaintiff contends the ALJ's conclusion is improper because the ALJ does not identify what evidence in the record is inconsistent with Plaintiff's subjective symptoms, effectively functioning as "meaningless boilerplate" language. (Appeal Br. at 24.) Plaintiff also argues the ALJ failed to provide rationale to support his decision and, again, puts the "cart before the horse." (*Id.* at 25.)

Defendant makes three points that suggest otherwise. First, in compliance with 20 C.F.R. § 404.1529(c)(2), the ALJ properly discussed Plaintiff's "treatment course, the objective medical findings, and the efficacy of her treatment, which did not fully support Plaintiff's allegations of disability." (Opp'n Br. at 15.) Second, the ALJ noted that state agency findings were inconsistent with Plaintiff's subjective complaints. (*Id.* at 16.) Finally, the ALJ relied on Plaintiff's ability to perform some daily activities independently as further evidence bolstering the disability determination, in accordance with 20 C.F.R. § 404.1529(c)(3)(i). (*Id.*)

For the reasons set forth below, the Court finds that, contrary to Plaintiff's arguments, the ALJ properly considered Plaintiff's subjective complaints and agrees with the ALJ's finding that the alleged intensity, persistence, and limiting effects of Plaintiff's condition is inconsistent with the record. The ALJ meets the substantial evidence standard—which requires enough relevant evidence for a reasonable mind to accept as adequate to support a conclusion—because he considered Plaintiff's testimony and weighed it against the objective medical evidence in the record. *See Ubaldini,* 2023 WL 7001840, at *3 (affirming lower court's finding that the ALJ supported the RFC determination with substantial evidence sufficient to satisfy a reasonable mind, where the ALJ considered the plaintiff's subjective complaints but found the record did not support her statements regarding intensity and resulting limitations); *Miller v. Comm'r Soc. Sec.*, 732 F. App'x 162, 166 (3d Cir. 2018) (listing ALJ's review of subjective complaints, objective medical evidence, and the fact that claimant "takes care of personal needs without assistance" to meet the

"more than a mere scintilla but less than a preponderance" needed to support ALJ's RFC assessment); *Sponheimer*, 734 F. App'x at 809 (affirming lower court's finding that ALJ discussed the particulars of Plaintiff's testimony and properly led to the conclusion that applicant was not disabled, where objective evidence showed mostly normal gait, range of motion, and strength, and subjective complaints of pain and swelling were inconsistent with both the medical record and claimant's reported daily activities). *Cf. Nereida A. v. Kijakazi*, Civ. No. 21-15448, 2023 WL 5950395, at *6 (D.N.J. Sep. 13, 2023) (remanding denial of DIB where ALJ mischaracterized the plaintiff's subjective complaints by stating medical reports did not show stenosis, even though an MRI acknowledged earlier in the decision did, and by discrediting the plaintiff's need to live with her daughter solely because the "treating physician did not submit any evidence" to support that claim). Again, as mentioned above, ALJ is not required to "supply a comprehensive explanation for the rejection of evidence, even a sentence or short paragraph would probably suffice." *See Jason F. v. Kijakazi*, Civ. No. 22-626, 2023 WL 6307985, at *17 (M.D. Pa. July 28, 2023), report and recommendation adopted sub nom. *Fetterhoff v. Kijakazi*, Civ. No. 22-626, 2023 WL 6305788 (M.D. Pa. Sep. 27, 2023) (citing *Cotter*, 650 F.2d at 482).

Moreover, even assuming error, the harmless error doctrine—where in addition to proving ALJ's error, the Plaintiff must show that absent the error, the outcome would have been different—precludes Plaintiff's argument from prevailing. *Etta R. v. Kijakazi*, Civ. No. 22-6970, 2023 WL 8541994, at *3 (D.N.J. Dec. 11, 2023) (citing *Holloman v. Comm'r of Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016)). In short, the ALJ's error must affect the outcome of the case. Here, Plaintiff fails to prove that such an error, even if it existed, was not harmless such that it "affect[s] the outcome of the case." *Rutherford*, 399 F.3d at 553; *see Romero v. Comm'r of Soc. Sec.*, Civ. No. 18-16806, 2020 WL 2301444, at *2 (D.N.J. May 8, 2020) (finding that the plaintiff failed to meet

burden of proof in overcoming harmless error doctrine without any additional detail or evidentiary support indicating how "but for the error, he might have proven his disability"); *Michael D. v. Comm'r of Soc. Sec.*, Civ. No. 23-1090, 2023 WL 6795125, at *8 (D.N.J. Oct. 13, 2023) (finding the plaintiff failed to demonstrate prejudice where there is substantial evidence in other portions of the record that illustrate the plaintiff was not disabled).

Accordingly, Plaintiff's argument that the ALJ erroneously evaluated Plaintiff's subjective complaints fails.

## IV. CONCLUSION

For the reasons stated above, the Court will **AFFIRM** the ALJ's decision. An appropriate Order will follow.

Date: October 31, 2025

                                              s/ Zahid N. Quraishi
                                              **ZAHID N. QURAISHI**
                                              **UNITED STATES DISTRICT JUDGE**